[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion (#121) by the defendants, Gustave Simons and Alice Simons, seeking a reconsideration of this court's rulings of June 12, 1996, with respect to the defendants' objections to interrogatories/production and to a motion for compliance filed by the plaintiff, Alan Spirer, has been reviewed and is denied for the following reasons.
* On March 30, 1993, the plaintiff filed a request for interrogatories and for production.
* The defendants did not object to the motion within 30 days of March 30, 1993. Practice Book § 224(d).
* The plaintiff moved on June 11, 1993, that a default enter against the defendants for their failure to respond to his request for discovery (#112).
* On June 14, 1993, the defendants sought (#113) an enlargement of time until August 1, 1993, within which to "answer" the request for discovery; no objection to discovery was CT Page 6082 filed.
* The plaintiff filed a petition in bankruptcy on June 22, 1993.
* On August 23, 1993 (#114), the defendants objected to the plaintiff's motion for default and pointed to the bankruptcy status of the plaintiff. In response to this objection, a default did not enter against the defendants.
* On July 20, 1995 the plaintiff moved for an order of compliance with respect to his March, 1993, discovery request, and the defendants objected thereto on October 31, 1995 (#117). The objection was overruled on June 12, 1996, and compliance ordered.
Thus, the file in this case reveals that no objection to discovery was made by the defendants within 30 days after the filing thereof. In fact, no objection was ever made until October 31, 1995; the defendants' application of August 23, 1993, sought only an enlargement of time to respond to, not object to, the discovery requests. The attempt by the defendants to characterize their August 23, 1993, objection to a default entering against them because of the bankruptcy status of the plaintiff, as constituting a timely objection to the plaintiff's request for discovery is in error.
Therefore, as previously noted, the defendants' objections to discovery were not timely filed, and the plaintiff is entitled to an order of compliance.
So Ordered.
Dated at Stamford, Connecticut, this, 27th day of August, 1996
William B. Lewis, Judge